**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| SOUTH CAROLINA COMMISSION FOR THE BLIND, | § § § § § § § | |
| *Plaintiff,* | | |
| **v.** | | Civil Action No. _2:17-cv-1618-RMG |
| UNITED STATES, by and through the HONORABLE JIM MATTIS, Secretary of Defense, and the HONORABLE ROBERT SPEER, Acting Secretary of the Army, | § § § § § § § § § | |
| *Defendant.* | § | |

## COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, South Carolina Commission for the Blind complaining of the United States of America, by and through the Honorable Jim Mattis, Secretary of Defense, and the Honorable Robert Speer, Acting Secretary of the Army, and states as follows:

## PARTIES

1. Plaintiff South Carolina Commission for the Blind ("South Carolina") is a South Carolina state agency and the State Licensing Agency under the Randolph-Sheppard Vending Facility Act, 20 U.S.C. §§ 107 *et seq*. Under the act and its implementing regulations, South Carolina has a contract award priority to manage contracts pertaining to the operation of cafeteria services on federal property through licensed blind vendors.

2. Defendant United States of America is acting by and through Jim Mattis, Secretary of Defense, and Robert Speer, Acting Secretary of the Army (the "Army"). Both Secretaries Mattis and Speer may be served by service of a copy of the summons and the instant Complaint upon the United States Attorney General at Department of Justice, 950 Pennsylvania

Avenue, N.W., Washington, DC, 20530 via certified mail, and delivering same to the United States Attorney for the District of South Carolina at 1441 Main Street, Suite 500, Columbia, South Carolina 29201 via certified mail.

## JURISDICTION AND VENUE

3.      This action is authorized by 28 U.S.C. § 1361. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1361.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) because the plaintiff resides in the district.

## NATURE OF THE CASE

5.      The Randolph-Sheppard Act, 20 U.S.C. §§ 107 *et seq*. (the "R-S Act"), was passed by Congress to provide blind persons with gainful employment and to enlarge their economic opportunities. In furtherance of these objectives, Congress mandated that all contracts for cafeteria operation services on federal property give priority to blind vendors. South Carolina is a South Carolina state agency and the State Licensing Agency ("SLA") for South Carolina under the R-S Act. As the state's designated SLA, South Carolina serves to connect qualified licensed blind vendors with solicitations for bids for contracts for the operation of cafeterias on federal property. If an SLA submits a bid for a solicited contract that is determined to be within the competitive range of bids and which has a reasonable chance of selection, the R-S Act's priority is triggered and the contract must be awarded to the SLA.

6.      This case arises after the Army failed to apply the R-S Act to a contract for nutritional food care services at eight military treatment facilities located in eight different states, instead declaring that the contract was not subject to the R-S Act. Nevertheless, South Carolina submitted a bid that was initially determined to be within the competitive range and that had a

reasonable chance of selection. The Army, however, ultimately awarded the contract to another bidder who was not entitled to priority. As a result, South Carolina initiated the mandatory arbitration remedial scheme under the R-S Act, which ultimately resulted in a decision by an arbitration panel convened by the Department of Education that held that the Army violated the R-S Act. The arbitration panel's decision constituted a final and appealable decision under the R-S Act and the Administrative Procedures Act, 5 U.S.C. §§ 500 *et seq*.

7.    However, rather than implement the arbitration decision and rectify the violation of the R-S Act, the Army has refused to change its position or respond to communications from South Carolina. Consequently, South Carolina now brings this action seeking a writ of mandamus compelling the Army to comply with the arbitration panel's decision.

## FACTUAL BACKGROUND

8.    On May 22, 2013, the Army issued Solicitation W81K04-13-R-0010 (the "Solicitation") for Nutrition Care Services at eight military treatment facilities located in eight different states. The Army, however, refused to apply the R-S Act because the Army believed that the Nutrition Care Services called for in the Solicitation did not constitute cafeteria services. Instead, the Army issued the Solicitation under the Competition in Contracting Act.

9.    In response, South Carolina sought to exercise its remedial rights under the R-S Act due to the fact that the Army had not applied the act to the Solicitation. After the contract was awarded to another bidder—Sodexo Management—South Carolina submitted a letter to the Department of Education (the "DOE") on January 13, 2015, requesting that it convene an arbitration panel pursuant to the mandatory arbitration scheme in the R-S Act to consider the Army's refusal to include R-S Act priority requirements in the Solicitation. The DOE convened an arbitration panel (the "Panel"), and the arbitration hearing took place on May 4 and 5, 2016.

10.     In the arbitration, South Carolina contended that the R-S Act applied to the Solicitation because the Nutritional Care Services called for in the Solicitation constituted cafeteria services as defined by the DOE regulations. Thus, the R-S Act applied, and if South Carolina submitted a bid within the competitive range, it was entitled to priority to the contract. Five contractors submitted bids by the July 9, 2013 deadline, including South Carolina's proposal with its teaming partner, Nayarson, to provide food services at the Fort Stewart treatment center. Upon reviewing the proposals, the Army determined that all five of the bids were within the competitive range and had a reasonable chance of selection. However, the Army violated the R-S Act by not giving priority to South Carolina's bid.

11.     The Army argued at arbitration that the R-S Act did not apply to the Solicitation because it believed that the Nutritional Care Services did not qualify as cafeteria services, and thus, were outside of the R-S Act's purview. Alternatively, the Army argued that South Carolina's bid would not have been entitled to priority under the R-S Act because although the Army's contracting officer initially found that all five of the bids fell within the competitive range, it later amended that determination.

12.     On September 2, 2016, the Panel issued its decision finding for South Carolina (the "Award"), a true and correct copy of which is attached hereto as **Exhibit A**. Specifically, the Panel found that:

(1) The Solicitation called for the operations of cafeteria services and thus, the R-S Act applied;

(2) The Army was required to give priority to South Carolina if its proposal fell within the competitive range and had a reasonable chance of selection;

(3) The contracting officer determined that South Carolina's proposal met those requirements;

(4) Even though that contracting officer later determined on further review that South Carolina's proposal was not in the competitive range, the change in position did not negate the officer's initial determination; and

(5) Thus, the Army violated the R-S Act by not applying its priority to the Solicitation.

*Award* at 15-17.

13.    The DOE's Randolph-Sheppard regulations make clear that the Panel's Award "shall be final and binding on all parties" and constitutes a "final agency action" subject to appeal under the Administrative Procedures Act. 34 C.F.R. § 395.37(b). Further, the regulations mandate that if a Randolph-Sheppard arbitration panel finds:

> [T]hat the acts or practices of any department, agency, or instrumentality are in violation of the [R-S] Act or of this part, the head of such department, agency, or instrumentality (subject to any appeal under paragraph (b) of this section) shall cause such acts or practices to be terminated promptly and shall take such other action as may be necessary to carry out the decision of the panel.

*Id*. at § 395.37(d).

14.    However, since the Panel issued its Award, the Army has failed to take any action to implement the Award. On October 11, 2016, South Carolina sent a letter demanding the Army provide a timeframe for how it intends to implement the Award and stating that if South Carolina did not receive a response within thirty days it may begin pursuing legal action to enforce the Award. The Army has never responded to the letter. Accordingly, South Carolina brings this suit seeking a writ of mandamus compelling the Army to comply with and implement the Panel's Award.

**COUNT I – WRIT OF MANDAMUS**

15.    South Carolina reasserts the foregoing paragraphs as if set forth herein.

16.    The R-S Act sets forth the exclusive remedial scheme for litigating complaints between SLAs, such as South Carolina, and federal agencies, such as the Army, regarding the

implementation of the R-S Act and its priority provision. In response to South Carolina filing its complaint for arbitration, the DOE convened an arbitration panel to decide whether the Army violated the R-S Act by omitting the R-S Act's priority requirements in the Solicitation. After a two day arbitration between South Carolina and the Army, the Panel found that the Army violated the R-S Act. That Award constitutes a final agency action, and pursuant to the R-S Act regulations, the Army is obliged to take steps necessary to remedy its R-S Act violations in order to give effect to the Award. 34 C.F.R. § 395.37. Hence, the Army owes a duty to South Carolina to rectify its violations of the R-S Act.

17.    Since the Panel rendered its Award, the Army has failed to implement the Award and rectify its violation of the R-S Act, and in fact, has gone as far as to ignore communications from South Carolina entirely. Accordingly, pursuant to 28 U.S.C. § 1361, South Carolina seeks a writ of mandamus to issue from this Court ordering the Army to comply with and effectuate the Award as required under the R-S Act and its attendant regulations. The only way to effectuate the Panel's Award is to award the contract to South Carolina.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, South Carolina requests that the Army be cited to appear, and that upon final hearing, the Court issue a writ of mandamus ordering the Army to abide by and effectuate the Award by awarding the contract to South Carolina. South Carolina further seeks all other relief to which it is entitled.

Respectfully submitted,

*/s/ Peter A. Nolan*

Peter A. Nolan *(pro hac vice pending)*
Texas Bar No. 15062600
**WINSTEAD PC**
401 Congress Avenue, Suite 2100
Austin, TX 78701
(512) 370-2800
(512) 370-2850 (Fax)
pnolan@winstead.com

and

*/s/ Robert L. Brown*

Robert L. Brown (Fed. Bar 10255)
**WILLSON JONES CARTER & BAXLEY, P.A.**
3600 Forest Drive, Suite 204
Columbia, South Carolina 29204
(803) 509-8071
(803) 782-2527 (Fax)
rbrown@wjlaw.net